**1. WILLS—CONSTRUCTION—PERPETUITIES.**
   A bequest of a fund to an executor, to be used to keep testatrix's burial plot in good condition, and to be expended "within the time prescribed by the statute governing perpetuities," is void, because the statute (1 Rev. St. N. Y. p. 773, § 1) does not authorize any limitations based on time, but only on life or lives.

**2. SAME—CHARITIES—UNCERTAIN BENEFICIARY.**
   The bequest is also void because there is no person beneficially interested in the fund who can compel its employment by the executor in accordance with the intentions of the testatrix.[1]

**8. SAME—INTEREST ON RESIDUUM.**
   A bequest for life of the income of the residue of testatrix's estate entitles the residuary legatee to such interest as may have accrued up to the end of the year after testatrix's death, and the interest on the amount of the fund, as afterwards ascertained, from the end of the first year.

On application for the judicial settlement of the accounts of George H. Mead, as executor, etc., of Rebecca J. Fisher, deceased.

By the first clause of her will, testatrix directed her executor to expend $200 as he might deem best, "within the time prescribed by the statute governing

---

[1] As to the certainty of beneficiary required in bequests in trust for particular uses and purposes, see In re Schwartz's Will, 3 N. Y. Supp. 134, and note; Trustees v. Guthrie, (Va.) 10 S. E. Rep. 318, and note; Tilden v. Green, 7 N. Y. Supp. 382, and note.

perpetuities," in keeping testatrix's burial plot in good condition.    After several other bequests, she gave the income of the residue of her estate to her sister, Matilda C. Harrington, for life, remainder over.

*W Stebbins Smith*, for the executor.  *Frederick William Sherman*, for Matilda C. Harrington.

COFFIN, S.    On the part of Mrs. Harrington, two objections, among some minor ones, are presented for solution.    The first is that the provision of the will directing the executor to expend $200 in keeping the burial plot of the deceased in order is void, because in conflict with the statute against perpetuities; the second is that the executor has not paid, and resists payment, to the residuary legatee for life of the earnings of the fund.    It may be regarded as somewhat remarkable that no adjudicated case, in this state, can be found which determines the point covered by the first objection, although a similar provision is made in many wills which have come under my observation. Doubtless, the reason why a similar objection has not been made in such cases was a delicate regard for the wishes of the deceased in that respect. Whatever the cause, as the question is now raised, it must be determined. Our statute forbids a disposition of property in such a mode as will suspend the absolute ownership of it perpetually, but allows such suspension during not more than two lives in being at the death of the testator.    Now, although no trust, in terms, is conferred upon the executors, yet that is the effect of the provision, and was the intention of the testatrix.    A trust may be created without using the word "trust" or "trustee," and so the word or words may be used, and yet no trust be created.    Here the sum was to be used, for the purpose indicated, as the executor might deem best, "within the time prescribed by the statute governing perpetuities."    What the testatrix meant by this last phrase it is difficult to understand, as our statute (1 Rev. St. 773, § 1) authorizes certain limitations based upon life or lives, and not at all upon time.    There is, therefore, no valid limitation whatever to the trust in question.    The executor, if he were dishonest, might retain the fund so set apart indefinitely, and not expend a cent of it for the designed purpose; and has, in fact, only expended enough to paint the fence around the plot, not exceeding $10, which is not equal to the interest on the fund for one year.    While the point does not appear to have been determined by our courts, yet the question has been settled in other states and countries, where such a provision is held to be in violation of the statute, which appears to be nearly universal.    *McLeod* v. *Dell*, 9 Fla. 427; *Rickard* v. *Robson*, 31 Beav. 244; *Fowler* v. *Fowler*, 10 Jur. (N. S.) 648.

It is also void because a dishonest executor could take to his own use the entire fund, without question.    There is no person, beneficially or otherwise interested, who could compel an employment of the fund as the testatrix intended.    *Holland* v. *Alcock*, 108 N. Y. 312, 16 N. E. Rep. 305, and cases cited.

As to the second point, it seems to be well settled that the gift of the residue for life will entitle the residuary legatee to such interest as may have accrued up to the end of the year after testator's death, and then interest on the amount of the fund, as afterwards ascertained, from that first year.    2 Redf. Wills, 472; *Dimes* v. *Scott*, 4 Russ. 195; *Lovering* v. *Minot*, 9 Cush. 151, 156; *Williamson* v. *Williamson*, 6 Paige, 298.

It follows, then, that the $200 to keep the burial plot in good condition, being undisposed of in a legal sense, will fall into the residuum, and that Mrs. Harrington is entitled to interest as above stated.    The other objections are overruled.