*In re* Schuler's Estate.

*(Surrogate's Court, Rockland County, Filed July* 31, 1893.)

1. Bequest to cemetery corporation—Validity.

By section 9 of Laws of 1847, chapter 133 (general act as to rural
cemeteries), it is provided that an association thereunder incorporated
may take and hold property for (*inter alia*) improving the cemetery
lots according to the terms of the grant, devise or bequest.  *Held*, that
the Oak Hill Cemetery of Nyack, whether incorporated thereunder or
under the special act, Laws 1865, chapter 139, relating to Oak Hill
Cemetery, Rockland County, might take and hold a legacy upon trust

to apply the income for the perpetual care of a lot therein, as section 8 of latter act conferred upon said cemetery the powers contained in the general act.

**2. SAME—STATUTE AGAINST PERPETUITIES.**

A bequest to a cemetery corporation upon trust to apply the income for the perpetual care of a lot does not violate the statute against perpetuities, when the act under which it is incorporated authorizes it to hold funds for such a purpose.

Application to compel payment of a legacy.    Granted.

William T. B. Storms, for petitioner; Snider & Hopper, for executors.

WEIANT, S.—This is an application by the Oak Hill Cemetery of Nyack, in this county, to compel the payment to its trustees by the executors of the last will and testament of John W. Schuler, deceased, of a bequest of $1,000, and interest thereon, pursuant to a direction of the testator contained in his said will. That provision of his will reads as follows:    "I hereby authorize, empower and direct my executors to pay over to the trustees of Oak Hill Cemetery of Nyack the sum of $1,000, to be by them invested only on first mortgage bond and mortgage on improved real estate of double the value of such sum, and the interest accruing from the same to be applied by the said trustees in keeping my lot in said cemetery grounds (number three) in good and proper condition, making such needed repairs as are required from time to time during the several seasons of the year, to both fences and grounds, as shall be demanded, and this trust to be and remain in perpetual continuance; and my executors hereinafter named are named as supervising representatives of my estate, to see that the provisions of this trust are faithfully observed during their or either of their lifetime; they, also, have authority to name their successors by testamentary appointment; the trustees of said cemetery to permit and suffer my brother-in-law John Reinhard and his wife to be buried in said lot at their decease."

The application is made under subdivision 2, section 2717, of the Code of Civil Procedure. The citation required by section 2718 was issued and duly served upon the executors. Upon the return day of the citation, the executors appeared by their attorneys, but filed no answer. The parties, through their respective attorneys, proceeded to dispose of the matter as if the question of the validity of the foregoing provision of the testator's will was the only one to be considered and determined. I shall accordingly consider the matter and render my determination. The petition alleges that Oak Hill Cemetery is duly incorporated under the laws of the State of New York. This allegation was not controverted, and no proof was given thereof. The question was not raised on the hearing, and, when the matter was submitted, it stood as a conceded fact. It must be assumed, in the absence of specific proof, that, if said cemetery was duly incorporated under the laws of this State providing for such corporations, the same was incorporated under the general statute authorizing such corporations, and with all the rights and powers conferred by such laws. Such corporation law is found in chapter 133 of the Laws of 1847, entitled "An act authorizing the incorporation of rural cemetery associations," and the acts amendatory thereof. By section 9 of that act it is enacted as follows: "Any association incorporated pursuant to this act may take and hold any property, real or personal, bequeathed or given upon trust, to apply the income thereof under the direction of the trustees of such association, for the improvement or embellishment of such cemetery, or the erection or preservation of any buildings, structures, fences, or walks, erected or to be erected upon the lands of said cemetery association, or upon the lots or plots of any of the proprietors; or for the repair, preservation, erection, or renewal of any tomb, monument, gravestone, fence, railing, or other erection, in or around any cemetery lot or plot; or for planting and cultivating trees, shrubs, flowers, or plants, in or around any such lot or plot; or for improving or embellishing such cemetery, or any of the lots or plots in any other manner or form, consistent with

the design and purposes of the association according to the terms of such grant, devise, or bequest."

Here is a broad, comprehensive legislative enactment, as to the purpose and intention of which there can be no doubt. Its language is full and explicit, and clearly covers the purpose of the testator. Indeed, this is not denied by the executors' counsel, but he contends that this general statute does not apply to the petitioner. He claims that the petitioner was created by chapter 139 of the Laws of 1865, entitled "An act in relation to Oak Hill Cemetery, in the County of Rockland," and that the provisions of the general act above cited are not applicable to the petitioner. If it be assumed, in the absence of proof of the incorporation of the petitioner, that this latter act gave the corporate life to the petitioner, and there are provisions therein so indicating, one of which is section 2, which reads as follows: "All persons who are now owners or hereafter shall become proprietors of lots or parcels of ground within the inclosures now known as the 'Oak Hill Cemetery,' or of such additional lands as may hereafter be purchased or added thereto, shall become members of the body corporate to be known as the 'Oak Hill Cemetery of Nyack,' "—still the petitioner has the same rights and powers as corporations incorporated under the general act. By section 8 of this act it is declared that, "except as herein otherwise provided, the said Oak Hill Cemetery shall possess the general powers and privileges, and be subject to the liabilities and restrictions, contained in chapter 133 of the Laws of 1847, entitled 'An act authorizing the incorporation of rural cemetery associations.'" This provision is also so clear and specific that it is not apparent where any question can arise as to the petitioner having the powers conferred by the general act.

The executors' counsel advances still another objection to the granting of this application. He contends that the bequest is void under the statute against accumulations and perpetuties. It is by such statute provided that: "The absolute ownership of personal property shall not be suspended by any limitation or

condition whatever for a longer period than during the continuance and until the termination of not more than two lives in being at the date of the instrument containing such limitation or condition; or, if such instrument be a will, for not more than two lives in being at the death of the testator."

This objection would be well taken were it a fact that the statute for the incorporation of rural cemeteries did not legalize and authorize the trust in question created under the testator's will. This statute against perpetuities is general, and applies to all cases, except where special provision is otherwise made. The same power that created the general prohibition can authorize an exception, and determine that the general provision shall not apply. The legislative power has prohibited generally such perpetuities, and the same power has, as to cemetery corporations, removed such restriction and bestowed affirmatively the power and right to hold funds for the purposes specified in this will, and I see no reason why both should not stand with force, the latter as a statutory exception to the general law. In the case of Holland v. Alcock, 108 N. Y. 312 16 N. E. Rep. 305, the power to authorize trusts by legislative acts, and that the same is exercised, appears to be fully recognized. Judge RAPALLO, in a most erudite and exhaustive opinion, reviews the law and authorities as to trusts, and says on page 336, 108 N. Y. and page 316, 16 N. E. Rep.: "And the substoitution of a charity system maintained by our statute laws in the form of corporate charters, containing, by legislative enactment, power to receive, hold, and administer charitable gifts of every variety known in the practice of civilized communities and our statute of uses and trusts which may lawfully be created." Of the statute against perpetuities he says: "The statute has been held binding on our courts, although, of course, it ceases to operate when the legislature charters a corporation for a charitable purpose, with power to take and hold property in perpetuity for such purpose"——citing authorities.

The counsel cites to sustain his contention the case of *In re* Fisher's Estate (Surr.), 8 N. Y. Supp. 10. That case is dis-

tinguishable from this.   The learned surrogate does not decide that a bequest to an incorporated cemetery association similar to this one is invalid. That was a bequest of a fund to an executor, to be used to keep the testatrix's burial plot in good condition, and it was held to be void, under the statute against perpetuities.   Here the bequest is to the corporation, and, as we have seen, the statute specifically makes such a bequest lawful.   It is perfectly clear from a reading of the surrogate's opinion that no such point was involved or considered by him as arises in this matter.

No question being raised but that there are now and have at all times been, ample funds in the hands of the executors applicable to the payment of this bequest, let an order be entered accordingly, directing the payment of the same to the trustees or proper officers of the cemetery association.   The question of interest on the legacy will be determined upon entry of the order, as the provisions of the whole will are not before me. The petitioner is entitled to costs, to be paid out of the estate.